UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Israel David Garcia Mejia
(A-Number: 246-250-449),

          Petitioner,

    v.

Warden, California City Correctional Center; Field Office Director, San Diego Field Office, United States Immigration and Customs Enforcement; Todd M. Lyons, Acting Director, United States Immigration and Customs Enforcement; Kristi Noem, Secretary of Homeland Security; Pamela Jo Bondi, United States Attorney General,

          Respondents.

No.  2:26-cv-00965-KES-EPG (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Doc. 1

Petitioner Israel David Garcia Mejia is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 2.  The Court has previously addressed the legal issues raised by claim two of the petition.  *See, e.g.*, *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025); *R.A.N.O. v. Wofford*, No. 1:25-CV-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6,

1

2026); *Omer G. G. v. Kaiser*, No. 1:25-CV-01471-KES-SAB (HC), 2025 WL 3254999 (E.D. Cal. Nov. 22, 2025).

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition. Doc. 3. Respondents "do not have legal arguments to distinguish this case from prior orders issued by the Court, nor do [they] find material factual differences between this case and those identified by the Court." Doc. 5 at 2. While respondents oppose the petition, they do not raise any new arguments. *See id.* at 1–3.

Respondents move to dismiss all respondents other than petitioner's immediate custodian. Doc. 6. "[L]ongstanding practice confirms that in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). For such core habeas challenges, "only one person can be said to maintain custody over the detained petitioner, and that person is the proper respondent . . . ." *Doe v. Garland*, 109 F.4th 1188, 1195 (9th Cir. 2024). But *Doe* did not address who may be named as a respondent when the relief sought includes a restraint on future detention—a non-core habeas challenge. That issue was addressed in *Dunne v. Henman*, where the Ninth Circuit explained that, for non-core habeas challenges, the official who has control over a future restraint on the petitioner's freedom is the "true custodian" and should be named as a respondent. *Dunne v. Henman*, 875 F.2d 244, 248–49 (9th Cir. 1989) (citing *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484 (1973)); *see also Doe*, 109 F.4th at 1194, 1197 (noting that in *Dunne* the petitioner "filed his § 2241 petition to attack a future sentence, not his present physical confinement, rendering his petition a non-core habeas petition . . . ."); *Padilla*, 542 U.S. at 437–39 (explaining that the "immediate physical custodian rule, by its terms, does not apply when a habeas petitioner challenges something other than his present physical confinement[,]" and in such a case, a petitioner "may name as respondent the entity or person who exercises legal control with respect to the challenged 'custody.'").

The petition in this case presents both a core and a non-core habeas challenge. Petitioner

seeks his release from his present physical confinement at California City detention facility, and he properly named the warden of that facility as a respondent to his core habeas challenge. Petitioner, who is proceeding without counsel, also challenges the circumstances of his re-detention and named respondents with the authority to make future custody determinations. *See* Doc. 1 at 6–7. Respondents request that the Court dismiss officials other than petitioner's immediate custodian, but it is those officials—not the warden of California City detention facility—who would make the decision to re-detain petitioner. Respondents' motion to dismiss respondents other than petitioner's immediate custodian is therefore DENIED.

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025), *R.A.N.O. v. Wofford*, No. 1:25-CV-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026), and *Omer G. G. v. Kaiser*, No. 1:25-CV-01471-KES-SAB (HC), 2025 WL 3254999 (E.D. Cal. Nov. 22, 2025), the petition for writ of habeas corpus is GRANTED as to claim two, for the reasons addressed in those prior orders.[1]

Respondents are ORDERED to release petitioner Israel David Garcia Mejia (A-Number: 246-250-449) immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.[2]

//

//

//

//

---

[1] The Court need not address petitioner's other claim as petitioner is entitled to the relief he seeks based on the Court's ruling on claim two.

[2] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.

3

Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

Dated:    March 23, 2026

_____
UNITED STATES DISTRICT JUDGE